EZELL, Judge,
dissenting.
I respectfully disagree with the majority’s opinion that parole evidence was admissible to vary the terms of the contract and that Bonnette Auction Company (BAC) complied with the terms of the La. R.S. 37:3124(C).

La.R.S. 37:3m

I first disagree "with the majority that BAC complied with the provisions of La. R.S. 37:3124. I find that the use of the term “buyer’s premium” as opposed to the term “buyer’s fee”, used in the statute itself, is misleading. The word “premium” indicates that it is a reward or incentive. Obviously, this fee is not a reward or incentive to the buyer. Furthermore, while Ms. Bonnette explained that there was a 10% buyer’s premium at the beginning of the auction, she did not explain “what the fee is, how such fee will be paid, and how the fee will work” as required by La.R.S. 37:3124(0(3).

Parole Evidence

I further disagree with the majority that the parole evidence rule does not apply to BAC as a third party. Jurisprudence has established that the parole evidence rule only applies to actions between the parties to an act or contract. Guidry v. Hedburg, 98-228 (La.App. 3 Cir. 11/4/98), 722 So.2d 1036. However, the parole evidence rule also applies to the privies of the parties to the contract. Id. LA privy is “[o]ne who is a partaker or has any part or interest in any action, matter, or thing.” Id. at 1040 (quoting Blaok’s law DICTIONARY 1080 (5th ed.1979)).
There is no question that BAC is a third-beneficiary to the contract since it claims that it is entitled to a fee based on the events which led to the signing of the purchase agreement. BAC specifically wants to vary the terms of the signed purchase agreement which provides that BAC is entitled to a 0% buyer’s premium and 0% commission. Therefore, the parole evidence rule is applicable to BAC.
All conversations that BAC relies on in claiming that Dr. Stevenson agreed to pay a buyer’s premium occurred when the purchase agreement was signed at Burger King the day after the auction. The documents signed at the closing were based on this agreement. There is no evidence of any agreement subsequent to the signing of the documents to pay a buyer’s premium or commission. Therefore, the agreement between the parties is what is found in the four corners of the purchase agreement.
As such, I would find that Mr. Stevenson is not responsible for the buyer’s premium of $39,050.00 and reverse the judgment of the trial court.